UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TOM RAPER HOMES, INC., | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:06-cv-0394-SEB-JMS |
| | ) | |
| MOWERY & YOUELL, LTD, | ) | |
| ELIZABETH J. BIRCH, and SAMUEL N. | ) | |
| LILLARD, | ) | |
| Defendants. | ) | |

**ENTRY GRANTING TRANSFER AND MOTION TO AMEND**

Defendants Mowery & Youell, LTD., Elizabeth J. Birch ("Birch"), and Samuel N.

Lillard ("Lillard"), have moved the Court to transfer this action to the Southern District of

Ohio, Columbus Division.  Defendants claim that personal jurisdiction is lacking in this

forum because they have had insufficient contacts with Indiana to satisfy constitutional

due process requirements.  Rather than dismissing the case outright, pursuant to Federal

Rules of Civil Procedure 12(b)(2) and 12(b)(3), Defendants seek a transfer of this case to

the Southern District of Ohio, pursuant to 28 U.S.C. § 1406(a).  For the reasons explained

below, the Court now GRANTS this motion.

Plaintiff Tom Raper Homes, Inc.[1] ("Tom Raper") filed its complaint against

Defendants in the Circuit Court of Wayne County, Indiana.  Plaintiff's complaint alleges

---

[1] Plaintiff points out that Tom Raper Homes, Inc., an Indiana retailer of manufactured homes, is a different company than Tom Raper, Inc., an RV dealer with locations in Indiana and Ohio.  Surreply at 3.

legal malpractice arising from Defendants' representation of Tom Raper in a Warren County, Ohio, Court of Common Pleas action ("the Warren County, Ohio action"), specifically alleging that Defendants failed to consider and advise Tom Raper:

> (1) that the subcontractor could be sued in Indiana; (2) that initiating suit against the subcontractor increased the risk of the homeowner bringing claims against Tom Raper Homes; and (3) that the homeowner had to engage in pre-suit mediation in Indiana.  Thereafter further negligence by the Defendants included: (4) when the homeowner brought her claims in Ohio, failing to invoke the Indiana pre-suit mediation, Indiana choice-of-forum, and Indiana choice-of-law clauses; (5) failing to seek dismissal of the action based on the one-year contractual limitations provision; (6) failing to advise and counsel Tom Raper Homes regarding the risks of trial; and (7) performing negligently at trial – all resulting in a substantial six-figure adverse judgment.

Pl.'s Resp. at 3.  This malpractice complaint was subsequently removed by Defendants to the Southern District of Indiana, pursuant to 28 U.S.C. §§ 1441 and 1446.[2]

Tom Raper is a privately held Indiana corporation with its only place of business located in Richmond, Indiana, within the Southern District of Indiana.  Pl.'s Resp. at 4, citing Bane Decl., Ex. B, ¶¶ 3, 4.  Tom Raper does not have any offices or property in the State of Ohio.  Ex. B. ¶ 5.  All of Tom Raper's business records, including customer and sales records, financial, and accounting records, are maintained in Richmond, Indiana. Ex. B ¶ 6.  All of Tom Raper's officers, managers, and employees operate from and are based in Richmond, Indiana.  Ex. B. ¶ 10.

---

[2]  Where the defendant removes the case to federal court from state court, pursuant to 28 U.S.C. 1332(a)(1) and 28 U.S.C. 1441(a), the defendant may still invoke 28 U.S.C. 1406(a) to correct venue.  Bentz v. Recile, 778 F.2d 1026, 1027-28 (5th Cir. 1985).  Thus, the fact that Defendants removed this action from the Wayne Circuit court is not an impediment to Defendant's motion to transfer, pursuant to 228 U.S.C. § 1406(a).

Defendant, Mowery & Youell is an eight-attorney law firm based in Dublin, Ohio, that, according to its website, "represents businesses and individuals and have represented clients throughout Ohio and the United States."  Pl.'s Resp. at 5, citing Ex. A, p. 1-2. Defendant Lillard is a partner with the Mowery & Youell law firm and Defendant Birch is an attorney with the firm.  Pl.'s Resp. at 5, citing Exh. A, p.2.  Each is licensed in and a resident of Ohio.  Each was involved in the representation of Tom Raper in the Tingle matter.  Id.  Defendants state that they have not been physically present in Indiana in connection with their professional pursuits.  Pl.'s Resp. at 5.

The Underlying Warren County, Ohio Action

The underlying Ohio state court action involved a contract dispute between Tom Raper and Judith Tingle ("Tingle").  Tingle, an Ohio resident, came to Indiana to purchase a modular home from Tom Raper and contracted for the construction of a basement foundation for the home in Warren County, Ohio.  (Aff. of Birch, ¶ 13, 14.) Tom Raper subcontracted with a third party, Marshall Cornett d/b/a Cornett Construction Company ("Cornett"), to build the foundation.  (Aff. of Birch ¶ 13.)  According to Defendants, Tom Raper acknowledged that the foundation was not properly built and promised Tingle that it would take care of the problem.  Aff. of Birch, ¶14.  Mowery & Youell's representation of Tom Raper was initiated when one of Tom Raper's employee's, Brian Balenger, contacted defendant Birch and requested that Defendants initiate a suit against Cornett.[3]  Aff. of Birch, ¶ 13.  Tom Raper and Defendants did not

---

[3]  Cornett's business address was at all relevant times 5419 Brown County Inn Road,

(continued...)

enter into a written fee agreement, only an oral fee agreement.  Pl.'s Resp. at 6, citing 1st

Rogs, No. 13, Ex. C, p. 9.  According to Plaintiff, this agreement did not limit the scope

of Defendants' engagement nor did it limit Tom Raper's rights to sue Defendants in

Indiana.  Id.

Based on the alleged defects in the home and foundation, Tingle pursued claims of

breach of contract, breach of express and implied warranties, and negligent construction

against Tom Raper based on the Purchase Agreement and the Construction Contract.

(Def. Memo. in Supp. of Motion to Dismiss at 2, citing Pl.'s Comp. ¶ 18; Surreply at 1,

citing Tingle's Second Amended Complaint, Exh. 1.)  The Purchase Agreement "included

an Indiana pre-suit mediation clause requiring mediation in Indiana, an Indiana forum-

selection clause, and an Indiana choice-of-law contract."  A judgment in the amount of

$124,225.25 plus pre-judgment interest since September 5, 2000, was entered against

Tom Raper in favor of Tingle on August 26, 2005.  Pl.'s Resp. at 8, citing Ex. K ¶ 11.

Following the initiation of an appeal, Tom Raper settled with Tingle for the sum of

$150,000, which payment was made by Tom Raper in Indiana.  Pl.'s Resp. at 8, citing Ex.

K ¶ 12.

Plaintiff asserts that Defendants knew Tom Raper was an Indiana company when

they undertook this representation and, over a course of four years, Defendants had

multiple contacts with Tom Raper on the Tingle case, including sending at least 54

---

[3](...continued)
Lynchburg, Brown County, Ohio.  Aff. of Birch, ¶ 13.  Brian Ballenger, followed up on his
initial contact with Birch by sending a written correspondence on or about February 5, 2001.

invoices, and 160 faxes, letters, and e-mails to Tom Raper.[4]  In addition, Defendants

billed and received $33,307.31 in fees from Tom Raper.  Pl.'s Resp. at 2-3, and 7, citing

Exhs. H and I (chronological copy of all such items produced by Defendants and sent to

Tom Raper during discovery).  Defendants admit to phoning Tom Raper in Indiana, but

the total number of calls is not presently known.  Pl.'s Resp. at 7.

Discussion

Defendants argue that this case should be transferred to the District Court for the

Southern District of Ohio, Columbus Division, pursuant to 29 U.S.C. § 1406(a), based on

a lack of personal jurisdiction over the Defendants and improper venue in this court.[5]  See

Fed. R. Civ. P. 12(b)(2) (relating to personal jurisdiction) and 12(b)(3) (relating to venue).

A federal court in Indiana has jurisdiction over non-resident defendants in a diversity case

only if an Indiana state court would have jurisdiction.  Fed. R. Civ. P. 4(e), 4(d)(7);

Lakeside Bridge & Steel v. Mountain State Constr. Co., Inc., 597 F.2d 596, 598 (7th Cir.

1979).  Indiana's long-arm statute, Indiana Rule of Trial Procedure 4.4(a) ("Rule 4.4(a)"),

---

[4]  Plaintiff points out that all of Tom Raper's e-mail servers, phone system, fax machines, and voice-mail system are located in Indiana.  Pl.'s Resp. at 6, citing Ex. K, ¶ 10.

[5]  Title 28, United States Code, Section 1406(a) provides:

> The district court of a district in which is filed a case laying
> venue in the wrong division or district shall dismiss, or if it be
> in the interest of justice, transfer such case to any district or
> division in which it could have been brought.

This section was enacted to avoid "the injustice which had often resulted to plaintiffs from dismissal of their actions merely because they had made an erroneous guess with regard to the existence of some elusive fact of the kind upon which venue provisions often turn."  Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466, 82 S.Ct. 913, 915 (1962) (transfer proper when district court did not have personal jurisdiction over defendants).

dictates whether this matter would fall within the jurisdiction of an Indiana court.[6]  Rule 4.4(a) was amended effective January 1, 2003, to add: "In addition, a court of this state may exercise jurisdiction on any basis not inconsistent with the Constitutions of this state or the United States."

The parties' briefings disagree as to the correct interpretation of Rule 4.4(a) and its amendment.  Helpfully, after this motion was fully briefed, the Indiana Supreme Court issued an opinion resolving their dispute, stating as follows:

> The 2003 amendment to Indiana Trial Rule 4.4(A) was intended to, and does, reduce analysis of personal jurisdiction to the issue of whether the exercise of personal jurisdiction is consistent with the Federal Due Process Clause. Retention of the enumerated acts found in Rule 4.4(A) serves as a handy checklist of activities that usually support personal jurisdiction but does not serve as a limitation on the exercise of personal jurisdiction by a court of this state.

LinkAmerica Corp. v. Albert, 857 N.E.2d 961, 967 (Ind. 2006).  LinkAmerica abrogated the analysis favored by Defendants in Pozzo Truck Center, Inc. v. Crown Beds, 816 N.E.2d 966, 969 n.2 (Ind. Ct. App. 2004) (finding that Anthem's two part personal jurisdiction analysis is still valid following the amendment to Indiana Rules of Trial Procedure 4.4(a)).  Because "Indiana's 'long-arm' jurisdiction now extends to the limit permitted by the Due Process Clause," the question before us is whether due process would be offended by requiring Defendants to answer for their actions in an Indiana court. Glasscock v. Corliss, 823 N.E.2d 748, 755 n. 4 (Ind. Ct. App. 2005).

---

[6]  Defendants filed a Motion to Amend Memorandum in Support of Motion to Transfer by Interlineation [Docket No. 19] to insert the inadvertently omitted last paragraph of Indiana Rule of Trial Procedure 4.4(A) into their Memorandum in Support of their Motion to Transfer on page 7.  This motion to amend by interlineation is GRANTED.

For a court to acquire personal jurisdiction over a defendant, due process requires "that the defendant have such 'minimum contacts' with the forum state as will make the assertion of jurisdiction over him consistent with 'traditional notions of fair play and substantial justice. . . .'" Lakeside Bridge & Steel Co. v. Mountain State Const. Co., 597 F.2d 596, 600 (7th Cir. 1979), quoting International Shoe v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158 (1945).  In other words, a defendant must have "fair warning that a particular activity may subject them to the jurisdiction of a foreign sovereign." Id. at 472; quoting Shaffer v. Heitner, 433 U.S. 186, 218, 97 S.Ct. 2569, 2587, 53 L.Ed.2d 683 (1977) (STEVENS, J., concurring in judgment).  "Where a forum seeks to assert specific jurisdiction[7] over an out-of-state defendant who has not consented to suit there, this 'fair warning' requirement is satisfied if the defendant has "purposefully directed" his activities at residents of the forum and the litigation results from alleged injuries that 'arise out of or relate to' those activities."  Burger King, 471 U.S. at 472-473.  The due process requirements for specific jurisdiction were recently summarized by our colleague,

---

[7]  In Premiere Credit of North America, LLC v. AAT Fabrication, Inc., Chief Judge McKinney explained that personal jurisdiction under Rule 4.4(a) may be either general or specific:

> General jurisdiction is proper when a defendant has "continuous and systematic business contacts" with a state and it allows a defendant to be sued in that state regardless of the subject matter of the lawsuit. See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). On the other hand, a state may exercise specific jurisdiction when the defendant has a lesser degree of contact with the state, but the litigation arises out of or is related to those contacts. Id. at 414 n. 8.

2005 WL 1123636, *2 (S.D. Ind. 2005) (C.J. McKinney).  Ours is a specific jurisdiction case.

Judge Hamilton, in <u>U.S. Schools of Golf, Inc. v. Biltmore Golf, Inc.</u>

> For specific jurisdiction in a case of this type, due process requires that a non-resident defendant must have established its contacts with the forum state by purposefully availing itself of the privilege of conducting business there.  This purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts.  In other words, a defendant's conduct and connection with the forum state should be such that it should reasonably anticipate being haled into court there.

2005 WL 3022005, *4 (S.D. Ind. 2005) (J. Hamilton) (internal quotations and citations omitted).

When "the defendant moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating the existence of jurisdiction." <u>Purdue Research Foundation v. Sanofi-Synthelabo, S.A.</u>, 338 F.3d 773, 782 (7th Cir. 2003).  As in this case, when the district court rules on a defendant's motion to dismiss, based on the submission of written materials without the benefit of an evidentiary hearing, the plaintiff "need only make out a prima facie case of personal jurisdiction" and "is entitled to the resolution in its favor of all disputes concerning relevant facts presented in the record." <u>Id.</u> (internal citations omitted).

Tom Raper argues in response to Defendants' motion that they are subject to personal jurisdiction in Indiana because they (a) entered into a multi-year business relationship with an Indiana business addressing a variety of legal matters arising from

Indiana sales of product based on Indiana contract forms;[8] (b) sent more than 160 e-mails, faxes, letters, and invoices to that Indiana business; (c) made multiple calls to that Indiana business and other entities in Indiana; (d) derived substantial revenue from that Indiana business; (e) committed malpractice with respect to legal matters involving Indiana contracts resulting in more than $150,000 harm in Indiana.  Pl.'s Resp. at 15; see also Pl.'s Compl. ¶ 6.

Defendants contend that specific jurisdiction is not applicable to the case at bar because Defendants did not in connection with the Ohio case or this malpractice action purposefully establish contact with Indiana, the forum state, and the lawsuit did not arise out of the contacts itemized by Plaintiff.  Defs.' Memo in Supp. at 9; citing Burger King, 471, U.S. at 472.  Plaintiff's claims in the case at bar stem from Defendants' alleged acts and omissions in their legal representation of the Plaintiff in an Ohio state court law suit and the various communications regarding that litigation which, according to Defendants,

---

[8]  Plaintiff points out that Defendant Mowery & Youell undertook five additional legal matters for Tom Raper unrelated to the Tingle case, including: a) a July 2002, unrelated legal opinion provided by Birch; (b) a July 19, 2002, correspondence by Birch and Mowery & Youell on Indiana law regarding Tingle; (c) a January 2002, representation by Birch of Tom Raper in another matter in Ohio; (d) a 2004 representation by Lillard and Birch of Tom Raper in an unrelated matter in Ohio; (e) a 2004 representation by Mowery & Youell of Tom Raper with respect to the sale of a home to the Wynns for their Ohio property.  (See Pl.'s Resp. at 8-9; Defs.' Reply at 11.  Plaintiff has not argued that these actions are sufficient to support general jurisdiction, which requires contacts "so extensive as to amount to a constructive presence in the state." U.S. Schools of Golf, 2005 WL 3022005 at *3, quoting Purdue Research, 338 F.3d at 787 & n. 16.  Therefore, the only acts that are relevant are those giving rise to Plaintiff's claims in this case.  See Bryant v. Weintraub, Genshlea, Hardy, Erich & Brown, 844 F. Supp. 640, 642 (D. Or. 1994) aff'd, 42 F.3d 1398 (9th Cir. 1994) (finding personal jurisdiction lacking where Oregon resident sued his California law firm for failure to obtain service over the defendant in the underlying litigation in a California court.  The Court held that the injury arose directly from alleged malpractice in California and had no connection to the firm's other Oregon contacts).

are insufficient to establish personal jurisdiction.  Defs.' Reply at 13, citing Hotmix &
Bituminous Equip., Inc. v. Hardrock Equip. Corp., 719 N.E. 2d 824, 830 (Ind. Ct. App.
1999) ("nonresident defendant who had never been in Indiana, but had engaged in
numerous phone calls, letters, and facsimile transmissions with the forum state regarding
property located in Ohio, do not compel the conclusion that the minimum contacts
necessary to establish jurisdiction were present").

　　　　Plaintiff rejoins that Defendants' multiple, ongoing, and intentional contacts with
Indiana-based Tom Raper are greater, involve more revenue, and less hardship to the
Defendant than those in U.S. Schools of Golf, where a similar motion to dismiss was
denied.  In U.S. Schools of Golf, supra, Judge Hamilton found that there was a "regular
course of dealing under a contract allocating revenue between the two sides. . . ." and
"that the parties had established a continuing business relationship pursuant to a contract
and that both expected future customer referrals from [Plaintiff] to [Defendants]."  2005
WL 3022005 at *4.  The parties communicated with each other about eight to eleven
times a year over the course of at least a three year period.  The plaintiff in U.S. Schools
of Golf alleged that defendants committed fraud, tortious interference, false advertising,
and unfair competition, claiming that plaintiff's business was injured as a result of
defendants' fraud and false advertising to its referred customers.  Judge Hamilton found
that any loss plaintiff may be able to prove to its reputation or customer goodwill would
have occurred in Indiana.  Id. 2005 WL 3022005, *5 (S.D. Ind. 2005).

　　　　The location of the alleged "loss" is what distinguishes U.S. Schools of Golf from
this case.  The Seventh Circuit has held that a defendant who is alleged to have

committed a tort is subject to personal jurisdiction in the state where the plaintiff experienced the injury.  See Janmark, Inc. v. Reidy, 132 F.3d 1200, 1202 (7th Cir.1997) (in tortious interference suit, Illinois court could exercise jurisdiction over California defendant who made threatening telephone call to Illinois plaintiff's customer in New Jersey, causing injury in Illinois).  Tom Raper alleges that it "experienced" the loss in Indiana, because "the harm from Defendants' [alleged] breach of contract and negligence – which ultimately resulted in a $150,000 settlement paid from Indiana-based Tom Raper Homes – was felt in Indiana."  Pl.'s Resp. at 17.  Defendants respond, noting that, if Plaintiff's position is accurate, any monetary judgment resulting from a tort action could be characterized as occurring in the Plaintiff's home state.  The tort of which Plaintiff complains is malpractice due to Defendants' alleged acts and omissions in their legal representation of the Plaintiff in an Ohio state court action, and this tort was not complete (because no injury occurred) until August 26, 2005, when the state court judge entered the judgment of $124,225.25 plus interest against Tom Raper or, arguably, when Tom Raper subsequently settled with Tingle (in Ohio) for the sum of $150,000.  Thus, according to Defendants the harm occurred and plaintiff experienced the injury in Ohio.

Under the facts of this case, we can not find that Defendants purposefully availed themselves/itself of the privilege of conducting business in Indiana.  All of the defendant law firm's attorneys are licensed in Ohio and Ohio residents and none in Indiana.  They filed a lawsuit on behalf of an Indiana client in Ohio.[9]  None of the Defendant Ohio

---

[9]  The fact that this underlying suit could potentially have been brought in Indiana based

(continued...)

lawyers traveled to Indiana for any professional purpose.  We do not believe that this court has personal jurisdiction over Defendants based on their communications with Tom Raper in Indiana during their representation of the company or on their billings and collection of fees in Indiana.  Nor is Defendant Mowery & Youell's web site which states that it "represents businesses and individuals and have represented clients throughout Ohio and the United States" sufficient to establish specific jurisdiction in Indiana over this case.  Defs.' Reply at 17; Pl.'s Resp. at 2, citing Exh. A, p.2.   The record establishes that Mowery & Youell's web site does not have the capability of transacting business through the site.  Defs.' Reply at 17.  "A passive Web site that does little more than make information available to those who are interested in it is not grounds for the exercise personal jurisdiction."  Zippo Mfg. Co. v. Zippo Dot Com, Inc., 952 F. Supp. 1119, 1124 (W.D. Pa. 1997).  Under specific jurisdiction, the contacts with the forum state must give rise to the claim in order for them to be sufficient to permit a finding of personal jurisdiction and, in this case, the alleged malpractice consisted of the decisions made by the attorneys all of which occurred in Ohio, rather than the communication of that advice. See Sawtelle v. Farrell, 70 F.3d 1381 (1st Cir. 1995).

An exercise of personal jurisdiction over these defendants exceeds the bounds of due process.  Defendants' contacts are insufficient to support an exercise of personal jurisdiction over them, relieving us of the necessity of deciding whether an assertion of

_____

[9](...continued)
on Tingle's home purchase agreement which included an Indiana choice of law clause, an Indiana venue clause, and an Indiana pre-suit mediation clause is not determinative because (perhaps erroneously) enforcement of these clauses was not pursued and thus the entire underlying action did, in fact, get litigated in Ohio.

personal jurisdiction over the defendant "offends traditional notions of fair play and substantial justice." Int'l Shoe, 326 U.S. at 316; Anthem, 730 N.E.2d at 1237 ("After the plaintiff establishes that there are minimum contacts, the defendant then carries the burden of proving that asserting jurisdiction is unfair and unreasonable.").  Accordingly, Defendants' motion to dismiss or transfer is well-taken and shall be granted.

Venue is Not Proper in this District

Defendants urge that this case be transferred to the Southern District of Ohio because that court has personal jurisdiction over Defendants and venue is proper in that forum because, if any breach of duty occurred, it occurred in Ohio.  Defs.' Reply at 22. Title 28, United States Code, Section 1406(a) provides that when a case is filed in an improper venue, the court shall dismiss, or where justice requires, transfer the case to any district or division in which it could have been brought.

Apart from our holding with regard to personal jurisdiction, venue is also improper in the Southern District of Indiana.  Title 28, United States Code, Section 1391 provides:

> (a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

"For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at

the time the action is commenced.  28 U.S.C. § 1391(c).  Defendants are neither subject

to personal jurisdiction in the Southern District of Indiana, nor do they "reside" here for

purposes of 28 U.S.C. § 1391(a)(1).  See Pl.'s Resp. at 24-25.  Similarly, venue would not

be proper under § 1391(a)(2), since all the events giving rise to this action, as described

above, took place in Ohio.  Clearly, there is another district where Tom Raper could sue,

which renders its choice of venue in Indiana, compared to Ohio, improper under §

1391(a)(3).

    We hold that both venue and personal jurisdiction are lacking here, necessitating

that Defendants' motion to transfer this cause to the Southern District of Ohio, Columbus

Division, pursuant to § 1406 be <u>GRANTED</u>.  IT IS SO ORDERED.


Date:   02/09/2007                        _Sarah Evans Barker_

                                           SARAH EVANS BARKER, JUDGE
                                           United States District Court
                                           Southern District of Indiana


Copies to:

Michael E. Brown
KIGHTLINGER & GRAY
mbrown@k-glaw.com

Pfenne Peter Cantrell
KIGHTLINGER & GRAY
pcantrell@k-glaw.com

John R. Maley
BARNES & THORNBURG
jmaley@btlaw.com